IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAURIE ADAMS,

        Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

        Defendant.
_____

Civ. No. 3:13-cv-01969-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Laurie Adams seeks judicial review of the Commissioner's decision denying her application for supplemental security income (SSI) under Title XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## BACKGROUND

    Plaintiff filed an application for SSI on June 30, 2008. Tr. 441. Following a denial of benefits, plaintiff requested a hearing before an administrative law judge (ALJ). On March 25, 2010, an ALJ determined plaintiff was not disabled. Tr. 43-58. The Appeals Counsel then denied plaintiff's request for review. Tr. 483. On January 10, 2012, U.S. District Judge Malcolm Marsh remanded the case for further proceedings. Tr. 489-504. Judge Marsh affirmed the ALJ's evaluation of the opinion evidence, but concluded the vocational expert needed to clarify his

1 – OPINION AND ORDER

opinion regarding the availability of jobs with a reasoning level of one. Tr. 489-504. A remand hearing was then held on May 16, 2013. Tr. 442. Following the hearing, a second ALJ found plaintiff not disabled. Tr. 438-454. This appeal followed.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). The Social Security Administration utilizes a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920 (2012). The initial burden of proof rests upon the claimant to meet the first four steps. If claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual

functional capacity (RFC), age, education, and work experience. *Id*. If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

At step two, the ALJ found plaintiff suffered from severe impairments of major depressive disorder, post-traumatic stress disorder, and substance abuse. Tr. 444.

Between steps three and four, the ALJ assessed plaintiff's residual functional capacity (RFC). He determined plaintiff could perform work involving simple, one-to-two step commands and tasks at a reasoning level of one, with no public contact, and only occasional co-worker interaction. Tr. 444. Plaintiff had no exertional limitations. Tr. 444. At step four, the ALJ found plaintiff had no past relevant work. Tr. 448. At step five, the ALJ determined plaintiff was capable of performing the jobs of sorter, recycler, and flagger; each existing in significant numbers in the national economy. Tr. 448. The ALJ therefore concluded plaintiff was not disabled. Tr. 449.

Plaintiff argues the ALJ erred in giving "little weight" to the opinion of plaintiff's case manager and mental health counselor, Rae Daneke, QMHP. Ms. Daneke qualifies as an "other source," as defined in 20 C.F.R. § 404.1513(d). An ALJ can consider evidence from "other sources," which may provide insight into the severity of the claimant's impairment(s) and how it affects the claimant's ability to function. 20 C.F.R. § 416.913; SSR 06-3p. An ALJ may, however, accord opinions from "other sources" "less weight than opinions from acceptable medical sources." *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). But the ALJ must give at least one "germane" reason for discounting the opinion of an "other source." *Parra v. Astrue,*

3 – OPINION AND ORDER

481 F.3d 742, 751 (9th Cir. 2007). Noting an inconsistency between the opinion and a claimant's daily living activities is a germane reason for discounting the opinion of an "other source." 20 C.F.R. § 416.927(c)(4).

Here, the ALJ provided multiple reasons for not affording significant weight to Ms. Daneke's opinion, stating:

> I give little weight to Mr. Danoke's [sic] opinion for several reasons. First, he [sic] did not take into account the claimant's significant drug use throughout the period she is alleging disability, and her ability to work if she stopped using drugs. Second, his opinions are not consistent with the claimant's daily activities. For example, the claimant report [sic] doing odd jobs to purchase marijuana and fund her gambling addiction. Third, he did not take into account the claimants abilities if she attended mental health service more frequently and took her medication as prescribed. Lastly, he is not considered an acceptable medical source under the regulations.

Tr. 446. The Commissioner concedes that not all of these reasons are germane. But the ALJ provided at least one germane reason for not affording significant weight to Ms. Daneke's opinion; it is inconsistent with plaintiff's daily activities.[1]

In May 2013, Ms. Daneke submitted a questionnaire and letter in support of plaintiff's claim. She opined, among other limitations, that plaintiff: (1) would miss more than two days a month from even a simple, routine, and sedentary job because of her impairments, tr. 831; (2) would need to take unscheduled breaks or have marked impairment in working at a consistent pace, tr. 832, 833, 835; and (3) would have marked limitation in concentration, persistence, and pace, tr. 831, 832. As noted above, the ALJ cited an example of an inconsistency between Ms. Daneke's opinion of plaintiff's limitations and plaintiff's daily activities; doing odd jobs to purchase marijuana and fund her gambling addiction. But, throughout his decision, the ALJ

---

[1] In his January 2012 opinion, Judge Marsh concluded the ALJ provided a specific and legitimate reason for rejecting the opinion of examining psychologist Molly McKenna, Ph. D.; the opinion was inconsistent with plaintiff's activities of daily living. *See Adams v. Astrue*, No. 3:10-CV-1463-MA, 2012 WL 78482, at *5 (D. Or. Jan. 10, 2012).

4 – OPINION AND ORDER

noted several other examples of the plaintiff's daily living activities that were inconsistent with Ms. Daneke's opinion.

For example, the ALJ noted plaintiff went to great lengths to fund her gambling addiction. Tr. 446, 447. The record and the ALJ's decision reflect that plaintiff: "has a 15-year gambling addiction and has stolen thousands of dollars from family and friends to feed her gambling addiction" involving gaming machines, tr. 447; spent a utility check on gambling, tr. 652; attends church as her "plot to get the funds flowing again from her step mother," tr. 720; gambles on poker machines, tr. 752; spends any money she has on video poker, tr. 447; and then has to lie about her use of money to get additional financial assistance, tr. 447. Plaintiff's ability to gamble and play video poker machines is inconsistent with Ms. Daneke's opinion of plaintiff's marked limitation in concentration, persistence, and pace.

The ALJ further noted plaintiff was able to adapt to a structured living environment free from drugs and parties. Tr. 447, 605, 695. The ability to adapt to a structured living environment is inconsistent with Ms. Daneke's opinion regarding marked limitation in ability to respond appropriately to workplace settings. In addition, the ALJ mentioned plaintiff's report that she enjoys landscaping, riding her bike, gardening, and putting together water fountains. Tr. 447.

Finally, the ALJ cited plaintiff's social activities, which are inconsistent with Ms. Daneke's assessment of plaintiff's marked impairment in ability to interact with supervisors and co-workers. Tr. 445. The ALJ conceded plaintiff would have moderate impairment in social functioning, tr. 444, tr. 49, and included public and occasional co-worker interaction limitations in the RFC, tr. 444. But the ALJ further described the inconsistencies between Ms. Daneke's assessment and plaintiff's daily activities by noting that plaintiff "frequently goes on outings with others and shops with friends." Tr. 445.

The court therefore agrees with the Commissioner that the ALJ gave a germane reason for not crediting Ms. Daneke's opinion.

The three remaining reasons the ALJ cited to for giving little weight to Ms. Daneke's opinion are invalid. Ms. Daneke's questionnaire and letter took into account the plaintiff's drug use and her ability to work if she stopped using drugs, and considered plaintiff's abilities if she attended mental health services and took her prescribed medication. Moreover, the ALJ could not discredit Ms. Daneke's opinion due to her status as a non-acceptable medical source alone. Because the three remaining reasons are invalid, the court must determine whether the ALJ's reliance on such reasons was harmless error. *Batson*, 359 F.3d at 1195-97 (applying harmless error standard where one of the ALJ's reasons supporting an adverse credibility finding was held invalid). The relevant inquiry is whether the ALJ's decision remains legally valid, despite such error. *Carmickle*, 533 F.3d at 1162. An ALJ need only provide one germane reason to reject an "other source" opinion. *Parra*, 481 F.3d at 751. Because the ALJ here provided at least one germane reason, his decision giving little weight to Ms. Daneke's opinion is supported by substantial evidence. Thus, the ALJ's decision remains legally valid.

## CONCLUSION

Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 26th day of February, 2015.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge

6 – OPINION AND ORDER